IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HELENE REGEN and SAMUEL FRESHMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-869 KAJ |
| iGAMES ENTERTAINMENT, INC.[1], | ) | |
| a Nevada corporation, | ) | |
| AVAILABLE MONEY, INC., | ) | |
| a Nevada corporation, and | ) | |
| CHRISTOPHER M. WOLFINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION (I) TO REOPEN CASE TO ENTER SETTLEMENT AGREEMENT ON THE RECORD, (II) TO COMPEL PERFORMANCE OF SETTLEMENT AGREEMENT, (III) FOR A TEMPORARY RESTRAINING ORDER, AND (IV) FOR AN AWARD OF ATTORNEYS' FEES

Plaintiffs Helene Regen and Samuel Freshman hereby move the Court (i) to reopen the case to enter the settlement agreement on the record[2], (ii) to compel performance of the settlement agreement, (iii) for a temporary restraining order preventing the defendants from taking any action to cash-in or otherwise diminish the value of a certain life insurance policy in defendants' possession, and (iv) for an award of attorneys' fees. In support of this motion, plaintiffs state as follows:

---

[1]

Subsequent to the instigation of this action, iGames Entertainment, Inc. merged into Money Centers of America, Inc. Plaintiffs will continue to refer to defendant herein as "iGames."

[2]

The Court has already entered the settlement agreement on the record in C.A. No. 04-1516. As such, the Court can take judicial notice of it.

## FACTUAL BACKGROUND

1.     On July 15, 2004, plaintiffs filed the above-captioned action alleging fraud in the inducement, mistake, breach of contract, conversion, and seeking declaratory relief and rescission.

2.     On January 27, 2005, iGames filed a separate action in this Court against Howard Regen and Coast ATM, Civil Action No. 04-1516, alleging breach of contract, tortious interference with current and prospective economic relations, breach of the covenant of good faith and fair dealing, unfair competition, violations of the Lanham Act, unjust enrichment and conversion.

3.     On April 21, 2005, the parties in both actions executed a Settlement Agreement, appended hereto as Exhibit A, which required, among other things, that Helene Regen and Howard Regen pay $58,996.49 to iGames, and Samuel Freshman pay $58,996.49 in full payment of the claimed amount. (Ex. A ¶5(a)).  In addition, Howard and Helene Regen agreed to pay $7,400.00 as the sanction incurred by Mr. Regen in connection with his deposition in Civil Action 04-1516. (**Id.** ¶6(a)).  Further, Mr. Freshman agreed to pay $26,300 to iGames for legal fees, and Howard and Helene Regen agreed to pay an additional $26,300 to iGames for legal fees, along with interest at 6% per annum. (**Id.** 6(b)).

4.     As part of the Settlement Agreement, iGames agreed that, upon receipt of the above-described payments, iGames would deliver a certain $1,000,000 insurance policy on the life of Howard Regen to Samuel Freshman, to hold as escrow agent for tenants-in-common Helene Regen and Samuel Freshman. (**Id.** ¶14).

5.      Although Samuel Freshman promptly paid his obligation to iGames, Mr. Regen had to delay payment due to financial difficulties. As a result, iGames filed a motion in C.A. 04-1516, to enter the settlement agreement upon the record, to compel payment, to permit depositions and for attorneys' fees in connection with that motion (the "Motion to Reopen"). The Court granted the Motion to Reopen, assessing attorneys' fees against Mr. Regen and Coast ATM, but vacated the assessment against Coast ATM on reargument. The Court also clarified on reargument that its order was not directed against Helene Regen, who is not a party to that action. **Money Centers of America, Inc. v. Regen**, C.A. No. 04-1516-KAJ, 2005 WL 3309610, Jordan, J. (D. Del. Oct. 17, 2005), ***on reh'g***, 2005 WL 3309610 (D. Del. Dec. 6, 2005) (appended hereto as Exhibit B).

6.      iGames did not thereafter submit a statement of its attorneys' fees to the Court for consideration (or objection by the Regens) and entry of an Order setting forth a sum certain.

7.      On January 9, 2006, Helene Regen wired $93,778.00 to iGames, constituting total payment under the Settlement Agreement, including the sanction, attorneys' fees and interest as called for in that settlement agreement. (Ex. C).[3] That amount did not include payment of fees in connection with the Motion to Re-Open, which is not included under the terms of the Settlement agreement but is a separate obligation only as to Howard Regen. Moreover,  the Court has not yet entered an Order approving the amount of the fees against

---

[3]

iGames tacitly acknowledged receipt of the money by cancelling the depositions it had noticed of Mr. and Mrs. Regen and Coast, which it had intended to take to discovery why the Regens had not paid the settlement amount.

Howard Regen. *See* **Phelps v. Washburn University of Topeka**, 807 F.2d 153, 155 (10th Cir. 1986) (fee award is not final for appeal purposes until reduced to a sum certain).

8.     Counsel for plaintiffs requested that iGames immediately return the life insurance policy, as required under the Settlement Agreement. Counsel for iGames sent a letter to counsel for plaintiffs dated January 6, 2006 (Exhibit D), stating that iGames would not return the insurance policy until all payments due were made, including payment of attorneys' fees incurred in connection with the Reopen Order, notwithstanding that the Reopen Order is not part of the settlement agreement, and return of the insurance policy is not conditioned upon payment of the attorneys' fees in connection with the Reopen Order, either in the Settlement Agreement or in the Reopen Order.  The letter also stated that:

> You should be aware that the life insurance policy has a cash surrender value of approximately two thousand six hundred dollars ($2600.00) at this time.  The current quarterly payment of eleven thousand seven hundred thirty six dollars and thirty five cents ($11,736.35) was due on December 25, 2005.  <u>If Mr. Regen or Mr. Freshman do not make the December 25, 2005 quarterly payment (thereby bringing the policy current) by January 13, 2006, with immediate and simultaneous written notice and proof of payment to MCA, MCA will surrender the policy for the remaining cash value on or before January 20, 2006 and use that money to offset amounts due MCA pursuant to paragraph 14 of the Settlement Agreement.</u>

(Underlining in original).[4]

---

[4]     Due to this letter, Mr. Freshman and the Regens learned for the first time that iGames had been drawing money from the insurance policy and/or not paying premiums, reducing its cash value, in violation of its contractual promise not to do so.  Plaintiffs reserve their right to bring a damages action against iGames based on this breach and fraud.

9.    On January 13, 2006, after iGames had received and accepted the wire transfer, counsel for plaintiffs sent another letter, claiming that, pursuant to the Settlement Agreement, plaintiffs had lost their right to demand return of the insurance policy, and asserting again that, if iGames did not receive money for its attorneys' fees in connection with the Reopen Motion, "**we will instruct MCA to cash in the life insurance policy, which currently has a cash value of approximately $2,600.00, and will immediately file a motion with the Court to collect the difference.**" (Ex. E hereto, bolding in original).

## ARGUMENT

10.    iGames has demanded, and received, payment in full under the terms of the Settlement Agreement.  As it did not declare a default prior to receipt of the Regen's funds due under the settlement agreement, and has accepted said funds without objection, iGames has waived the right to declare a default, or take any actions to which it would be entitled under a condition of default. **Love v. Barnesville Mfg. Co.**, 50 A. 536, 537 (Del. Super. 1901) ("the unqualified acceptance by the seller of payments after the time stated in the contract is a waiver as to time").[5]  *Accord* **Associated Builders, Inc. v. Coggins**, 722 A.2d 1278, 1281 (Me. 1999) ("[a] party waives a contractual right arising from a breach because of a late payment when that party accepts tender of the late payment").

11.    As iGames has accepted full payment of the amounts set forth in the Settlement Agreement, it may not rely on any default of any terms of the Settlement Agreement as a justification for refusing to deliver the insurance policy, or for cashing it in.

---

[5]

The Settlement Agreement is governed by Delaware law.  (Ex. A ¶23).

Section 14 of the Settlement Agreement states that, in the event of a default, iGames may trade in the policy for the cash value and apply the proceeds "to the extent necessary to immediately fulfill all of Helene Regen's and Howard Regen's outstanding payment obligations hereunder (with the balance, if any, to go to Helene Regen)." iGames has received payment of all obligations "hereunder," meaning those obligations set forth in the Settlement Agreement. **Black's Law Dictionary** 654 (1979) (defining "hereunder" as "[a] word of reference in a document or law, directing attention to matter therein which follows in such document or is contained therein").

12.     Mr. Regen (but not Mrs. Regen or Mr. Freshman) remains under a duty to pay iGames' attorneys' fees in connection with the Motion to Reopen, and intends to do so once the Court enters an Order setting forth the amount owed. That obligation, however, is separate and independent from the mutual obligations set forth in the Settlement Agreement. Further, that obligation to pay attorneys' fees in connection with the Motion to Reopen was not incorporated into the Settlement Agreement either by agreement of the parties or by the Court in the Reopen Opinion.

13.     Because of Mr. Regen's health problems, Helene Regen and Samuel Freshmen are unable to obtain alternative life insurance on Mr. Regen's life. (**See** Ex. F). Consequently, if iGames cashes in or otherwise depletes the current policy, they will be unable to obtain another, and his beneficiaries (his wife and Mr. Freshman, both of whom have fulfilled all of their obligations under the Settlement Agreement), will be denied the benefits of the policy (and hence, of the Settlement Agreement itself). Plaintiffs do not believe that this loss can be later remedied by an award of damages (unless iGames

6

demonstrates that it is willing and able to put up a security for $1,000,000 to be paid to Mr. Freshman and Mrs. Regen in the event of Mr. Regen's death).

14.   iGames has threatened to cash out the insurance policy this Friday, January 20, 2006, unless Mr. Regen pays its attorneys fees demand, notwithstanding that the Court has not approved a specific amount, notwithstanding that this demand falls outside of the Settlement Agreement, and notwithstanding that Mr. Regen has not had an opportunity to sty to review the amount and provide the Court with any objections.  Unless the Court issues interim injunctive relief, iGames' action will be irreparable.  Moreover, the benefit to defendants will be minimal, as defendants have indicated that the current cash value of the policy is merely $2,600.00.

16.   Moreover, if defendants do not continue to make the premium payments as long as they are holding the policy, the policy will lapse and will not be able to be renewed.

15.   Paragraph 22 of the Settlement Agreement states that "[i]f any action is brought because of any breach of, or to enforce, interpret, rescind, or terminate, any of the provisions of this Agreement, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys' fees and court costs incurred in connection with such action, the amount of which shall be fixed by the court and made a part of any judgment rendered." (Ex. A ¶22).  Plaintiffs request that the Court award them their fees incurred in connection with this motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, plaintiffs Samuel Freshman and Helene Regen respectfully requests that the Court (i) re-open the case for the purpose of entering the Settlement Agreement on the record in this case and compelling defendants to perform, (ii) issue a temporary restraining order preventing defendants from cashing in the life insurance policy or otherwise diminishing its value pending resolution of this motion, and (iii) award plaintiffs their reasonable attorneys fees, along with such other and further relief as the Court deems equitable.

Date:   January 18, 2006

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for plaintiffs Helene Regen and Samuel Freshman

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HELENE REGEN and SAMUEL FRESHMAN,          )
                                            )
            Plaintiffs,                     )
                                            )
        v.                                  )
                                            )          C.A. No. 04-869 KAJ
iGAMES ENTERTAINMENT, INC.,                 )
a Nevada corporation,                       )
AVAILABLE MONEY, INC.,                      )
a Nevada corporation, and                   )
CHRISTOPHER M. WOLFINGTON,                  )
                                            )
            Defendants.                     )

## <u>ORDER</u>

On this _____ day of January, 2006, having determined that interim injunctive relief

is necessary to avoid irreparable injury, IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' motion for a temporary restraining order is GRANTED.

2.      Pending resolution of plaintiffs motion (i) to reopen the case to enter the

settlement agreement on the record, (ii) to compel performance of the settlement agreement,

and (iii) for an award of attorneys' fees, to the extent that defendants do not deliver to Mr.

Freshman the insurance policy on the life of Howard Regen, defendants are enjoined from

taking any action to injure or deplete the value of said life insurance policy, including

withdrawing any equity from the policy and failing to pay premiums on the policy when due.

_____
Jordan, J.

## <u>CERTIFICATE OF SERVICE</u>

I, David L. Finger, hereby certify that on this 18th day of January, 2006, I caused a

copy of the foregoing document to be served via CM/ECF on the below-listed counsel of

record:

Matthew Neiderman, Esq.
Duane Morris LLP
1100 N. Market St., 12th floor
Wilmington, DE 19801


/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766