

Slip Copy                                                                                                                                        Page 1

Slip Copy, 2005 WL 2663709 (D.Del.)

**(Cite as: 2005 WL 2663709 (D.Del.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to iGames Entertainment, Inc. and Available Money Inc., Plaintiffs,
v.
Howard **REGEN** and Coast ATM Inc., Defendants.
**No. Civ.A. 04-1516-KAJ.**

Oct. 17, 2005.

Matt Neiderman, Duane Morris LLP, Wilmington, DE, for Plaintiffs.

David L. Finger, Finger & Slanina, LLC, Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*

JORDAN, J.

I. INTRODUCTION

**\*1** Before me is a Motion to Vacate Dismissal and Enforce Settlement Agreement (Docket Item ["D.I."] 49, the Motion) filed by Plaintiffs Money Centers of America, Inc. and Available Money, Inc. (collectively, "Money Centers"). Defendants Howard Regen and Coast ATM (collectively, "Defendants") argue the court lacks subject matter jurisdiction to rule on the Motion. For the reasons that follow, I conclude that I do have jurisdiction and that the Motion has merit. I will therefore vacate dismissal for the limited purposes requested by Money Centers, as described below.

II. BACKGROUND

The parties dismissed this case by stipulation on April 28, 2005, based on a written agreement reached by the parties in settlement of all claims (the "Agreement"). (D.I. 56 at 1.) The Agreement was not made a part of the order dismissing the case, and this court did not specifically reserve jurisdiction to deal with the Agreement. However, Howard and Helene Regen, who were jointly and severally liable on the debts owed to Money Centers, failed to make timely payments to Money Centers in accordance with the Agreement. (*Id.*) Furthermore, Money Centers alleges that Howard Regen, through Coast ATM, has begun competing with Money Centers, in violation of the Agreement. (*Id.*)

Money Centers of America, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (D.I. 15 at ¶ 4.) Available Money, Inc. is a corporation organized under the laws of Nevada, with its principal place of business in Pennsylvania. (*Id.* at ¶ 5.) Howard Regen resides in California, and Coast ATM is a corporation organized under the laws of California with its principal place of business in California. (*Id.* at ¶¶ 8-10.) There is over $75,000 in controversy in the pending motion. (D.I. 56 at 2-3.)

On March 17, 2005, Money Centers moved for sanctions against Howard Regen, citing Mr. Regen's conduct during his deposition and discovery. (D.I.38.) I granted that motion for sanctions on March 11, 2005. (D.I. 40 at 176:6-178:6.)

In the present motion, Money Centers is not simply asking me to vacate dismissal and enforce the Agreement. Instead, Money Centers requests that I vacate dismissal and reopen this case for the purposes of: (1) entering the Agreement on the Record; (2) allowing Money Centers to depose

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 2

Slip Copy, 2005 WL 2663709 (D.Del.)

**(Cite as: 2005 WL 2663709 (D.Del.))**

Howard Regen, Helene Regen, and a representative of Coast ATM in Delaware; and (3) allowing Money Centers to recover its costs and reasonable attorney's fees in preparing this motion and in resolution of this case. (D.I. 56 at 1-2.)

III. DISCUSSION

A. *Subject Matter Jurisdiction*

A district court has subject matter jurisdiction to enforce the terms of the settlement agreement where it "embod[ied] the settlement contract in its dismissal order or, ... retain[ed] jurisdiction over the settlement contract [or, where there is] some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of America,* 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *accord Parks v. Commonwealth of Pennsylvania,* 1996 WL 479658, *1 (E.D.Pa.1996).

**\*2** Here, there is an independent basis for jurisdiction, as there is diversity between the parties. Money Centers, Inc. is a citizen of Delaware and Pennsylvania for purposes of the jurisdictional statute, 28 U.S.C. § 1332(c)(1). (*Cf.* D.I. 15 at ¶ 4.) Available Money, Inc., is a citizen of Nevada and Pennsylvania. (*Cf. id.* at ¶ 5). Howard Regen is a citizen of California. (*Id.* at ¶ 8.) Coast ATM, Inc., is a citizen of California for purposes of the jurisdictional statute. (*Cf. id.* at ¶ 10.) Additionally, there is more than $75,000 in controversy. (D.I. 56 at 2-3.) Therefore, I have subject matter jurisdiction over this case under *Kokkonen,* as diversity of citizenship exists between the parties. [FN1]

> FN1. Defendants claim that, under *Kokkonen,* I do not have subject matter jurisdiction to hear this Motion. In *Kokkonen,* the parties settled their claims, and the court dismissed the case without reserving jurisdiction to enforce the settlement agreement. *Kokkonen,* 511 U.S. at 376-77. The Supreme Court held that the district court lacked jurisdiction to enforce the settlement agreement, finding that the "judge's mere awareness and approval of the terms of the settlement agreement" was not enough to give the district court subject matter jurisdiction. However, as was stated above, the Court in *Kokkonen* recognized that where, as here, there is an independent basis for jurisdiction, or where jurisdiction is necessary to vindicate district court authority, a district court does have jurisdiction to enforce a settlement agreement.

Additionally, a district court has ancillary jurisdiction over a matter where it is necessary to "protect its proceedings and vindicate its authority." *Kokkonen,* 511 U.S. at 380. Here, in violating the terms of the Agreement, Mr. Regen has also violated my March 11, 2005 order for sanctions based on his litigation misconduct. Because Mr. Regen has violated that order, it is within my jurisdiction to enforce those sanctions against Mr. Regen under *Kokkonen.*

B. *Motion to Vacate Dismissal and Enforce Settlement*

Money Centers has requested various forms of relief. In the Motion, Money Centers asked that I order Defendants to make the payments associated with the Agreement and compensate Money Centers for the costs of making the Motion. (D.I. 49 at ¶ 12.) However, in its September 16, 2005, letter to the court, Money Centers modified somewhat its request for relief. (D.I. 56 at 1-2.) In that letter, Money Centers asked that I reopen the case for the limited purposes described above. (*Id.*)

It appears to be more appropriate to reopen the case for the limited purposes requested by Money Centers in its letter of September 16th. In *Kokkonen,* the Supreme Court noted that there is a difference between "enforcement of the settlement agreement ... [and] reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Kokkonen,* 511 U.S. at 378. Indeed, the Court recognized that "some Courts of Appeals have held that [a suit could be reopened] under Federal Rule of Civil Procedure 60(b)(6)." *Id.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2005 WL 2663709 (D.Del.)

**(Cite as: 2005 WL 2663709 (D.Del.))**

Although the Third Circuit in *Sawka v. Healtheast, Inc.,* 989 F.2d 138 (3d Cir.1993) held that a judgment of dismissal could not be set aside under Rule 60(b)(6) simply because the settlement agreement was breached, it held that such relief could be "granted under extraordinary circumstances." *Sawka,* 989 F.2d at 140. Here, such extraordinary circumstances exist, as Mr. Regen has violated not only the terms of the Agreement but also an express order for sanctions based on his previous contumacious litigation conduct. Therefore, the judgment of dismissal will be set aside, and the case will be reopened for certain of the purposes requested by Money Centers in its September 16, 2005 letter.

IV. CONCLUSION

**\*3** For the foregoing reasons, IT IS HEREBY ORDERED that the Motion is GRANTED to the extent that:

1. The April 28, 2005 Stipulation of Dismissal Without Prejudice is VACATED.

2. This case is REOPENED for the limited purposes of

a. Entering the Settlement Agreement on the Record;

b. Allowing Money Centers to take the depositions of Howard Regen, Helene Regen, and a representative of Coast ATM with respect to assets available to satisfy the obligations of the Agreement. Depositions of the Defendants shall take place in Wilmington, Delaware, and those parties shall bear all reasonable costs associated with such depositions.

3. The Defendants, jointly and severally, shall be responsible for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion, and all submissions and argument associated with the Motion.

Slip Copy, 2005 WL 2663709 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04cv01516 (Docket) (Dec. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                           Page 1

Slip Copy, 2005 WL 3309610 (D.Del.)

**(Cite as: 2005 WL 3309610 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
MONEY CENTERS OF AMERICA, INC., as successor in interest by merger to IGames Entertainment, Inc. and Available Money Inc., Plaintiffs,
v.
Howard **REGEN** and Coast ATM Inc., Defendants.
**No. Civ.A. 04-1516-KAJ.**

Dec. 6, 2005.

Matt Neiderman, Duane Morris LLP, Wilmington, DE, for Plaintiffs.

David L. Finger, Finger & Slanina, LLC, Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*

JORDAN, J.

I. INTRODUCTION

**\*1** Before me are two Motions, one filed by Coast ATM, Inc. ("Coast ATM") (Docket Item ["D.I."] 63; "Coast ATM's Motion"), and the other filed by Howard Regen ("Mr.Regen") and Helene Regen ("Mrs.Regen") (D.I. 64; the "Regens' Motion"). Both motions request three different forms of relief from this court's order of October 17, 2005 (D.I.59):(1) Reconsideration or, Alternatively, to Alter or Amend the Judgment, (2) for a Protective Order Regarding Depositions, and (3) for a Stay Pending Appeal. (D.I.63, 64.) That order (D.I.59) granted the relief requested in the Motion to Reopen and Enforce Settlement Agreement (D.I. 49; the "Motion to Reopen") filed by plaintiffs Money Centers of America, Inc. and Available Money, Inc. (collectively, "Money Centers"), and reopened this case for the purpose of allowing the settlement agreement to be entered on the record and allowing Money Centers to take additional discovery. (D.I.59.) Both of the current motions present essentially two issues: (1) whether the depositions of Howard Regen, Helene Regen and a representative of Coast ATM should take place in Delaware or in California; and (2) whether Coast ATM, Howard Regen, and Helene Regen should be responsible for paying the costs and fees with respect to the Motion to Reopen (D.I.49), and any further discovery and argument connected to the reopening of this case.

Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons that follow, Coast ATM's Motion (D.I.63) will be granted to the extent that Coast ATM will not be responsible for bearing costs or fees. The Regens' Motion (D.I.64) will be granted to the extent that Mrs. Regen will not be responsible for bearing costs or fees. Both motions (D.I.63, 64) will be denied as moot to the extent that they request relief from the order requiring depositions be taken in Delaware. Additionally, the Regens' Motion (D.I.64) will be denied to the extent that Mr. Regen will be responsible for bearing all costs of the Motion to Reopen, including the costs of taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM.

II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Seawright v. Carroll,* No. 02-1258-KAJ, 2004 WL 396310, at *1 (D.Del. Mar.2, 2004) (*citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985)). "A motion for reconsideration is not appropriate to reargue issues that the court has already considered and denied."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 2
Slip Copy, 2005 WL 3309610 (D.Del.)

**(Cite as: 2005 WL 3309610 (D.Del.))**

*Id.* (internal citation omitted). A court may grant a motion for reconsideration "if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a manifest injustice." *Id.* (*citing Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)).

III. DISCUSSION

A. *Depositions*

***2** The parties have agreed that the depositions of Howard Regen, Helene Regen [FN1] and a representative of Coast ATM will take place in California rather than Delaware. (D.I.69, 70.) Therefore, the portions of the pending motions requesting a protective order regarding depositions and a stay pending appeal will be denied as moot. [FN2]

> FN1. It is worth noting that this court never ordered Helene Regen to be deposed in Delaware, as she is not a party to this action. Instead, this court ordered that the "[d]epositions of the Defendants shall take place in Wilmington, Delaware." (D.I. 59 at 5.) The term 'Defendants' does not include Mrs. Regen. Similarly, this court never ordered Mrs. Regen to pay the costs or fees for any motion. Again, this court ordered that "Defendants, jointly and severally, shall be responsible for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion, and all submissions and argument associated with the Motion." (D.I. 59 at 6.) Again, the term 'Defendants' does not include Mrs. Regen, and therefore, she was never held responsible for any costs or fees.

> FN2. In the current motion, Coast ATM has asserted "Coast does not object to being deposed. Its objection is limited to be [sic] compelled to come to Delaware ... Coast is willing to be deposed in California." (D.I. 63 at 2 n. 1.) The Regens requested relief for similar reasons, arguing that they should not be compelled to come to Delaware because Mrs. Regen is not a party to this action, and Mr. Regen is physically unable to do so. (D.I. 64 at ¶ 2.) Both the Regens and Coast ATM requested a stay such that they could appeal this court's order requiring the deposition go forward in Delaware, as "[a]bsent a stay ... the deposition will go forward in Delaware and there will be no ability to reverse that action." (D.I. 63 at ¶ 10.) However, because Money Centers agreed to take the depositions of the Regens and Coast ATM in California rather than Delaware, (D.I. 70 at 2), no relief is required, and these motions will be denied as moot.

B. *Payment of Fees and Costs*

Coast ATM, Howard Regen, and Helene Regen also contest the October 17, 2005 order imposing joint and several liability for all costs on the Defendants. (D.I. 59 at 6.) As is stated above, *see supra* note 1, Mrs. Regen is not a Defendant, and therefore, was never ordered to pay any costs or fees with respect to this motion. Only Howard Regen and Coast ATM were responsible for such costs and fees under the October 17, 2005 order.

I. *Coast ATM*

As to Coast ATM, reconsideration of the October 17, 2005 order is appropriate, as there is a need to correct that order. In that order, Coast ATM was held responsible, "jointly and severally [with Mr. Regen], ... for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion [to Reopen], and all submissions and argument associated with the Motion [to Reopen]." (D.I. 59 at 6.) The order, however, was predicated primarily on Mr. Regen's litigation misconduct, which resulted in the sanctions that were imposed. (D.I. 40 at 176:6-178:6.) Coast ATM asserts that because it has not acted in bad faith, it should not be forced to pay fees and costs based on Mr. Regen's misconduct. (D.I. 63 at ¶¶ 2-6.) Money Centers,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                  Page 3

Slip Copy, 2005 WL 3309610 (D.Del.)

**(Cite as: 2005 WL 3309610 (D.Del.))**

on the other hand, asserts that it has "obtained information that suggests that the Regens, through Coast ATM, are continuing to compete with [Money Centers] in violation of their non-competition agreements." (D.I. 68 at 18.) However, Money Centers does not substantiate its claim with any of the information it claims to have obtained, and there is nothing in the record, aside from Money Centers' statement, to indicate that Coast ATM has acted in bad faith or committed any kind of misconduct warranting the imposition of fees and costs. To date, only Mr. Regen has committed litigation misconduct warranting sanctions. Therefore, because there is no record that Coast ATM has acted in bad faith, it will not be required to pay any of the fees and costs associated with the Motion to Reopen or the October 17, 2005 order. To that extent, Coast ATM's Motion will be granted.

ii. *Howard Regen*

All fees and costs for the Motion to Reopen, including the costs of taking discovery, are to be borne by Mr. Regen. It was Mr. Regen's prior litigation misconduct that required the imposition of sanctions, and it was his failure to pay his portion of the settlement agreement that required the reopening of this case. "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power[,]" and that inherent power is not displaced by any statutory scheme that provides for sanctions. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons' ... We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct").

**\*3** As a result, it is within this court's inherent power to order Mr. Regen to bear the fees and costs of reopening this case, including the costs and reasonable attorney's fees associated with taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM, as well as the fees and costs of preparing the Motion to Reopen and all submissions and argument associated with that motion.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Coast ATM's Motion (D.I.63) is GRANTED to the extent that Coast ATM will not be responsible for bearing costs or reasonable attorney's fees associated with the Motion to Reopen;

2. The Regens' Motion (D.I.64) is GRANTED to the extent that Mrs. Regen will not be responsible for bearing costs or reasonable attorney's fees associated with the Motion to Reopen;

3. Both Coast ATM's Motion (D.I.63) and the Regens' Motion (D.I.64) are DENIED as moot to the extent that those motions request relief from being deposed in Delaware; and

4. The Regen's Motion is DENIED to the extent that it would relieve Mr. Regen of responsiblity for bearing all costs and reasonable attorney's fees associated with the Motion to Reopen, including all fees and costs of preparing that motion, all submissions and argument associated with that motion, and taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM; Mr. Regen shall bear all such costs and fees.

Slip Copy, 2005 WL 3309610 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04cv01516 (Docket) (Dec. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.