# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

JAMES L. BEAUSOLEIL, JR.
DIRECT DIAL: 215.979.1120
E-MAIL: JLBeausoleil@duanemorris.com

www.duanemorris.com

January 13, 2006

VIA FACSIMILE & FIRST CLASS MAIL

Kevin C. Boyle, Esquire
Law Offices of Kevin C. Boyle
Suite 105
4766 Park Granada Boulevard
Calabasas, CA 91302

Re: **Money Centers of America, Inc. and Howard Regen**

Dear Mr. Boyle:

I am in receipt of your facsimile letter of January 11, 2006. As an initial matter, David Finger, who is counsel of record in this case, did receive my letter of January 6, 2006 on that date. In any event, the January 6th letter was expressly a settlement proposal only and did not change any of your clients' obligations under the Settlement Agreement.

Your January 11th letter, on the other hand, seeks, improperly, to change those express obligations. You state that Paragraph 14 of the Settlement Agreement requires that Money Centers of America ("MCA") return the life insurance policy on Howard Regen to Samuel Freshman. To the contrary, the policy was never to be assigned to Samuel Freshman as escrow agent under Paragraph 14 because Howard and Helene Regen failed to timely comply with the payment obligations set forth in Paragraphs 5(a), 5(b), and 6(a), a condition precedent to the assignment of the policy to Mr. Freshman. See Settlement Agr. ¶ 14.

Moreover, the Settlement Agreement expressly states

> HELENE REGEN AND HOWARD REGEN HEREBY AGREE THAT IF ANY PAYMENT, INCLUDING THE DECEMBER 31, 2005 PAYMENT REFERENCED IN PARAGRAPH 6(b), REMAINS OUTSTANDING AT 12:01 EASTERN TIME ON THE MORNING OF JANUARY 1, 2006, SAMUEL FRESHMAN WILL, AT THE OPTION OF AVAILABLE MONEY, EITHER IMMEDIATELY ASSIGN 50% OF THE LIFE INSURANCE POLICY BACK TO AVAILABLE MONEY OR TRADE IN THE POLICY FOR THE CASH VALUE AND 50% OF THE

DUANE MORRIS LLP

30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196                PHONE: 215.979.1000  FAX: 215.979.1020
PH2\907650.1

Duane Morris

Kevin C. Boyle, Esquire
January 13, 2006
Page 2

> PROCEEDS TO THE EXTENT NECESSARY TO IMMEDIATELY FULFILL ALL OF HELENE REGEN'S AND HOWARD REGEN'S OUTSTANDING PAYMENT OBLIGATIONS HEREUNDER . . .

Settlement Agr. ¶ 14. As you know, <u>as of January 1, 2006</u>, Howard and Helene Regen had made <u>no payment</u> under the Settlement Agreement and continued the stall tactics they have employed throughout this litigation. Accordingly, at that time, Available Money became expressly entitled to cash in the insurance policy.

The proceeds of that insurance policy are available to satisfy (or at least reduce) Mr. Regen's outstanding payment obligations under the Settlement Agreement. <u>See id.</u> As you know, on December 6, 2005, the Court ordered that, pursuant to the Settlement Agreement, <u>see id.</u> at ¶ 22, "Mr. Regen shall bear" "all costs and reasonable attorney's fees associated with the Motion to Reopen, including all fees and costs of preparing that motion, all submissions and argument associated with that motion, and taking discovery of Mr. Regen, Mrs. Regen, and Coast ATM." D.I. 71 at 6. <u>See also id.</u> at 2, 5; Oct. 17, 2005 Order, D.I. 59 at 6 (ordering that Mr. Regen "shall be responsible for Plaintiff's costs and reasonable attorney's fees associated with preparing the Motion, and all submissions and argument associated with the Motion.").

By facsimile dated January 4, 2006, you requested that I forward to you any additional claims Money Centers of America may have against Howard Regen for fees. Therefore, pursuant to the Court's Order of December 6, 2005 and Paragraph 22 of the Settlement Agreement, MCA hereby demands payment from Mr. Regen in the amount of $26,277.46, as set forth in the attached Affidavit of Fees. **Unless your client wires the amount due no later than 5 p.m. eastern time on January 19, 2006, we will instruct MCA to cash in the life insurance policy, which currently has a cash value of approximately $2,600.00, and will immediately file a motion with the Court to collect the difference.**

I look forward to your client's prompt payment and a resolution to this matter.

Very truly yours,

James L. Beausoleil, Jr.

cc:   David L. Finger, Esquire

PH2\907650.1