

**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

January 18, 2006

**Via e-filing and hand delivery**
The Hon. Kent A. Jordan
U.S. District Court for the District of Delaware
844 N. King St., Lock Box 10
Wilmington, DE 19801

    Re  **Helene Regen and Howard Freshman v. iGames Entertainment, Inc.,** *et al.*, C.A. No. 04-869

Dear Judge Jordan:

  The plaintiffs in the above-referenced action have today filed a motion (i) to reopen the case to enter the settlement agreement on the record, (ii) to compel performance of the settlement agreement, (iii) for a temporary restraining order preventing the defendants from taking any action to cash-in or otherwise diminish the value of a certain life insurance policy in defendants' possession, and (iv) for an award of attorneys' fees.

  Because the defendants have threatened to damage an irreplaceable asset if their wrongful demand is not met by this Friday, I am writing to request an emergency hearing on plaintiffs' application.

  As set forth in detail in the motion, the parties in this action and in a related action, *Money Centers of America, Inc., et al. v. Howard Regen,* C.A. No. 04-1516, entered into a global settlement. Earlier this month, Mr. and Mrs. Regen wired $93,748.00 to defendants, in satisfaction of the amounts owed to the defendants under the settlement agreement (which amount included the payments for the sanction imposed on Mr. Regen resulting from his conduct during his deposition). Mr. Freshman has previously paid his share under the settlement agreement. Defendants have accepted those payments without objection or any reservation of rights.

  Under the terms of the settlement agreement, upon receipt of payment, the defendants were to deliver to Mr. Freshman a life insurance policy on Mr. Regen, as to which Mr. Freshman and Mrs. Regen are beneficiaries. Defendants have refused to do so, holding it hostage until Mr. Regen also pays the attorneys' fees awarded in defendants' motion to re-open C.A. No. 04-1516. Moreover, defendants have threatened to cash in the remaining equity in the policy ($2600.00) to satisfy the outstanding attorneys' fees obligation this Friday if those fees are not paid by then.

The Hon. Kent A. Jordan
January 18, 2006
2

      Mr. Regen does not dispute that he is obligated to pay those fees, once defendants submit a statement of the fees to the Court for approval, he has an opportunity to object to any fees he deems improper, and the Court determines the final sum certain. However, that obligation is independent of the settlement agreement. Neither the parties in the settlement agreement nor the Court in awarding fees in connection with the motion to reopen conditioned defendants fulfillment of their obligations under the settlement agreement upon payment of attorneys' fees in connection with the motion to reopen.

      Mr. Freshman and Mr. and Mrs. Regen have fulfilled all their duties under the settlement agreement. The insurance policy is for their benefit. As such, the defendants are obligated to deliver the policy to Mr. Freshman. Instead, defendants are threatening to cash in the policy. Because of Mr. Regen's poor health, he cannot obtain a substitute policy, and so damages are not an adequate remedy.

      Mr. Freshman and Mrs. Regen respectfully request that the Court hold an emergency hearing and enter an Order requiring the defendants either to deliver the policy immediately to Mr. Freshman, or to hold it safely and not take any action to cash-in or otherwise harm the value of the insurance policy.

      As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

                        Respectfully,

                        David L. Finger
                        (DE Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Matthew Neiderman, Esq. (via CM/ECF)
       James J. Beausoleil, Jr., Esq. (via e-mail)